UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNES YASSEIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EL PASO INTELLIGENCE CENTER, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.:  21-cv-1530-GPC-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　　On October 7, 2021, on behalf of all named Defendants, the United States Department of Justice ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 10. After considering the applicable law and the parties' filings, the Court finds this matter suitable for disposition on the papers and GRANTS the Defendant's Motion to Dismiss and VACATES the hearing date set for this matter on November 19, 2021.

**I.　BACKGROUND**

　　　On August 30, 2021, Plaintiff Younes Yassein ("Plaintiff"), proceeding *pro se*, filed a "Freedom of Information Act Complaint" in which Plaintiff seeks to "discover if a law enforcement officer in Colorado offered a false instrument for filing by ascertaining whether or not that officer actually filed a document that he claimed he did." ECF No. 1

1  at 1. Although the Complaint is not absolutely clear, it appears that the Complaint stems
2  from an alleged search and seizure by a "state law enforcement officer" named Mike
3  Miller. *Id.* at 3. According to the Complaint, Officer Miller stopped Plaintiff, presumably
4  while Plaintiff was in his car, and searched Plaintiff's passenger compartment. *Id.* Officer
5  Miller then ran Plaintiff's information through the "El Paso Intelligence Center (EPIC)
6  [and] [d]uring the check, [Miller] was informed that [Plaintiff] had an active DEA drug
7  related [sic] case." *Id.*

Plaintiff asserts that there was not such an "active case" and contends that Officer Miller therefore "committed a felony in his report" by stating that an active case existed based on the check. *Id.* Plaintiff further alleges that "Plaintiff does not believe such a report was ever filed." *Id.* It is not clear from the Complaint what "report" Plaintiff is referring to, nor is there a "request" by Plaintiff attached to the Complaint despite Plaintiff's statement that the "request" is attached as Exhibit A. Plaintiff's Complaint then moves to a section called "Legal Claims," which contains Plaintiff's rebuttals to what he appears to anticipate as the Defendant's arguments regarding the "law enforcement exemption" to a FOIA request. *Id.* at 4. Finally, Plaintiff moves this Court to order the Defendants to produce "the information requested," though it is not clear precisely what information Plaintiff seeks. *Id.* at 6.

Defendant, the United States Department of Justice, on behalf of all named Defendants, moves to dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff has failed to allege facts supporting the elements of a FOIA claim, and because Plaintiff has failed to exhaust administrative remedies. ECF No. 10 at 2.

## II.    DISCUSSION

### A.    Legal Standard: Dismissal Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint, i.e., whether the complaint lacks either a cognizable legal theory or facts

sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570) (2007) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not bound to accept mere legal conclusions as true. *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). When ruling on a motion to dismiss, courts consider the complaint itself in its entirety, as well as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Dismissal without leave to amend is improper unless it is clear that amendment is futile. *Manzarek*, 519 F.3d at 1031.

  B.  **Sufficiency of Plaintiff's Complaint as a Freedom of Information Act (FOIA) Claim**

Plaintiff's Complaint is styled as a FOIA claim, and the Court interprets it as such based on the Complaint's caption and ultimate request for relief. ECF No. 1 at 6 (moving the Court to order that Defendants produce information).

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Co.*, 437 U.S. 214, 242 (1978). When a person requests a record from a federal agency and the agency improperly withholds the record, the requester may bring suit in district court to enjoin the agency from withholding the record, and the district court may order the production of any records improperly withheld. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 755 (1989). "To successfully assert a FOIA claim, the plaintiff must show 'that an agency has: (1) improperly; (2) withheld; (3) agency records. A district court's authority to implement judicial remedies and order the production of improperly withheld documents can only be invoked if the agency has violated *all* three requirements." *Rojas-Vega v. Cejka*, No. 09-cv-2489-BEN, 2010 WL 1541369, at *3 (S.D.Cal. Apr. 15, 2010) (emphasis in original) (internal quotation marks omitted) (quoting 5 U.S.C. § 552). A plaintiff must exhaust administrative remedies before seeking judicial review. *Benhoff v. United States Dep't of Justice*, 2016 WL 6962859, at *2 (S.D.Cal. Nov. 29, 2016) (citing *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986)). In other words, a plaintiff must show that the request was made and improperly refused before that party can bring a court action. *Id.* (citing 5 U.S.C. § 552(a)(1), (2), & (3)). "If a plaintiff has not complied with the exhaustion procedures, district courts lack jurisdiction over the claim under the exhaustion doctrine and will dismiss the claim for lack of subject matter jurisdiction." *Id.* (citing *Steele*, 799 F.2d at 466).

Even taking all the allegations in the Complaint as true and viewing them in the light most favorable to Plaintiff as the non-moving party, the Court finds that Plaintiff's Complaint fails to state a plausible claim of entitlement to relief under FOIA. As a threshold matter, it is not clear from Plaintiff's Complaint what documents Plaintiff is

requesting. The Complaint also does not establish whether Plaintiff submitted a request for information of any kind to any federal agency in the first place. Finally, the Complaint does not assert that any document was improperly withheld following such a request. Because the Complaint lacks clear and sufficient legal or factual allegations supporting any plausible entitlement to relief, Plaintiff has failed to state a claim that can survive a Rule 12(b)(6) motion to dismiss. Relatedly, Plaintiff has not shown that this Court would have subject matter jurisdiction over the claim because it is not clear that Plaintiff has exhausted administrative remedies, as discussed above. Any Amended Complaint should clearly assert whether this Court can exercise subject matter jurisdiction over Plaintiff's claim based on proper administrative exhaustion.

### III. CONCLUSION

The Court HEREBY GRANTS Defendant's Motion to Dismiss and HEREBY DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. Plaintiff has leave to file a First Amended Complaint correcting the deficiencies noted above. The First Amended Complaint must be filed, if at all, on or before December 1, 2021.

**IT IS SO ORDERED.**

Dated: November 2, 2021

Hon. Gonzalo P. Curiel
United States District Judge