UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| YOUNES YASSEIN,<br><br>                    Plaintiff,<br><br>v.<br><br>EL PASO INTELLIGENCE CENTER, et al.,<br><br>                    Defendants. | Case No.:  21-CV-1530-GPC<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS** |
|---|---|

On December 13, 2021, Defendant the United States Department of Justice, on behalf of named Defendants the El Paso Intelligence Center and the "FOIA/PA Mail Referral Unit Department of Justice," ("Defendants") filed a Motion for Summary Judgment. ECF No. 15. On December 27, 2021, Plaintiff Younes Yassein ("Plaintiff") opposed. ECF No. 17.  On January 7, 2022, Defendants replied. ECF No. 18. Having considered the parties' filings and arguments, the Court finds this matter suitable for disposition on the papers and therefore VACATES the hearing previously set for January 28, 2022 at 12:45 PM.

I.   **BACKGROUND**

Plaintiff filed his Freedom of Information Act ("FOIA") Complaint on August 30, 2021. ECF No. 1. On November 2, 2021, the Court granted Defendant's Motion to

1

Dismiss, finding that the Complaint failed to state a claim upon which relief could be granted. ECF No. 11. After this Court granted Defendant's Motion to Dismiss, ECF No. 10, Plaintiff filed the operative First Amended Complaint. ECF No. 14 ("FAC"). The FAC replicates many of the deficiencies of the original Complaint, making it difficult for the Court to ascertain what documents are sought. Although neither version of the Complaint is completely clear, it appears that the request relates to an alleged search and seizure of Plaintiff's car by "Law Enforcement Officer Mike Miller, Colorado." ECF No. 14 at 7. Plaintiff then filed a Freedom of Information Act Request ("FOIA Request") regarding the incident. *Id.* Based on Plaintiff's assertions in the FOIA request, it appears that Officer Miller stopped Plaintiff in his car and ran Plaintiff through "the El Paso Intelligence Center" or "EPIC." *Id.* During the check, Officer Miller "was informed that [Plaintiff] had an active DEA drug related case [sic] . . . related to a previous cash seizure of over 100,000 from [Plaintiff] last summer." *Id.* Plaintiff's initial Complaint, and the FOIA request attached to the FAC, contest the fact that Plaintiff had an "active DEA case," and argue that "it appears that Mike Miller committed a felony in his report" by stating that Plaintiff had such an open case. *Id.* at 8.

Based on this incident, Plaintiff's First Amended Complaint claims that the El Paso Intelligence Center ("the agency") improperly withheld agency records, and that Plaintiff is attempting to ascertain whether such records exist at all. *Id.* at 6. Plaintiff further claims that the agency failed to respond until after Plaintiff filed his civil claim, and therefore no administrative exhaustion is required. *Id.* Defendants' Motion for Summary Judgment argues that Plaintiff's FOIA request is non-compliant and confusing, such that the agency could not discern what records were requested, and that, contrary to Plaintiff's assertions, the agency did respond prior to the initiation of Plaintiff's suit by requesting clarification regarding the request. ECF No. 15 at 3.

## II. DISCUSSION

### A. Legal Standard on a Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are any genuine issues of material fact, the court must view the evidence in the light most favorable to the nonmoving party. *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001) (citation omitted).

The initial burden of establishing the absence of any genuine issues of material fact falls on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322-23. In such cases, "there can be 'no genuine issue as to any material facts,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

Once the moving party has satisfied its initial burden, the non-moving party cannot rest on the mere allegations or denials of its pleading. The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party may meet this requirement by presenting evidence from which a reasonable jury could find in its favor, viewing the record as a whole, in light of the evidentiary burden the law places on that party. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221-22 (9th Cir. 1995).

### B. Plaintiff's FOIA Complaint

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Co.*, 437 U.S. 214, 242 (1978). When a person requests a record from a federal agency and the agency improperly withholds the record, the requestor may bring suit in district court to enjoin the agency from withholding the record, and the district court may order the production of any records improperly withheld. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 755 (1989). "To successfully assert a FOIA claim, the plaintiff must show 'that an agency has: (1) improperly; (2) withheld; (3) agency records. A district court's authority to implement judicial remedies and order the production of improperly withheld documents can only be invoked if the agency has violated *all* three requirements." *Rojas-Vega v. Cejka*, No. 09-cv-2489-BEN, 2010 WL 1541369, at *3 (S.D.Cal. Apr. 15, 2010) (emphasis in original) (internal quotation marks omitted) (quoting 5 U.S.C. § 552). In addition, FOIA requires that federal agencies make records available "only upon a request which 'reasonably describes' the records sought." *Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir. 2017) (citing *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978)).

A plaintiff must exhaust administrative remedies before seeking judicial review. *Benhoff v. United States Dep't of Justice*, 2016 WL 6962859, at *2 (S.D.Cal. Nov. 29, 2016) (citing *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986)). In other words, a plaintiff must show that the request was made and improperly refused before that party can bring a court action. *Id.* (citing 5 U.S.C. § 552(a)(1), (2), & (3)). Administrative exhaustion protects administrative agency authority and promotes judicial efficiency. *Aguirre v. United States Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). However, exhaustion under FOIA is a prudential rather than a jurisdictional consideration, so

1  "courts can waive the requirement when, for example, further administrative proceedings
2  would prove futile." *Yagman*, 868 F.3d at 1083-84. When an agency receives a request
3  for information, it has twenty working days to decide whether to comply and inform the
4  requestor of its decision. 5 U.S.C. § 552(a)(6)(A)(i). "A requestor dissatisfied with the
5  agency's response can challenge it in court but must first exhaust available administrative
6  remedies, including an appeal within the agency." *Aguirre,* 11 F.4th at 725.  An agency's
7  failure to respond within the statutory time period may constitute "constructive
8  exhaustion." *Id.* However, the Ninth Circuit recently joined the Third, Eleventh, Fourth,
9  and D.C. Circuits in holding that exhaustion is still required where an agency responds
10 late but before the requestor sues. *Id.* at 726 (noting that sister circuits had established a
11 rule that once the agency responded, the requestor once again became obligated to pursue
12 his administrative remedies).

13        Defendants argue that Plaintiff's FOIA request does not reasonably describe the
14 records sought, and therefore that Plaintiff failed to comply with the FOIA statute and
15 exhaust his administrative remedies. ECF No. 15 at 4. Defendants also contend that they
16 requested clarification from Plaintiff, but Plaintiff did not provide clarification, contact
17 the identified FOIA public liaison, or administratively appeal—all constituting grounds
18 for summary judgment. *Id.* at 5. Plaintiff responds that the record is clearly described
19 because it is quoted "word-for-word," and that if the Court finds that the request is
20 insufficient, the Court should simply issue a stay of proceedings in order to allow
21 Plaintiff to refile. ECF No. 17 at 2-3.

22        Whether Plaintiff has administratively exhausted in this case is a question of the
23 timing and substance of the request. On or about May 28, 2021, Plaintiff sent a FOIA
24 request to the "FOIA/PA Mail Referral Unit" at the El Paso Intelligence Center. ECF No.
25 15-1 at 5 (Ex. 1), ECF No. 14 at 7. On June 10, 2021, eight business days later, the
26 Department of Justice Management Division sent Plaintiff a letter informing him that

1 | Plaintiff's request had been referred to the Drug Enforcement Administration ("DEA")
2 | division, with an address in Springfield, VA. *Id.* at 10 (Ex. 2). In a letter sent on August
3 | 26, 2021 but dated August 3, 2021—44 business days after Plaintiff sent his FOIA
4 | request—the DEA division in Springfield, VA responded to Plaintiff with a request for
5 | clarification, including a request for a more detailed description and date range for the
6 | request. *Id.* at 12 (Ex. 3). The letter provides instructions on how to administratively
7 | appeal, either by writing to the Director of the Office of Information Policy ("OIP"), or
8 | by submitting an appeal through OIP's online portal. *Id.* at 13. The letter advises Plaintiff
9 | that the appeal must be postmarked or electronically transmitted within 90 days of the
10 | date of the response. *Id.* Defendants submitted a declaration from Angela D. Hertel, a
11 | Unit Chief with the DEA, which states that the DEA never received a response from
12 | Plaintiff. *Id.* at 3 ("Hertel Decl."). Plaintiff filed the instant suit on August 30, 2021. ECF
13 | No. 1.

Courts have held that an agency has no right to resist disclosure because the request fails reasonably to describe records unless it has first made a good faith attempt to assist the requestor in satisfying that requirement. *Id.* at 1084 (quoting *Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 10 (2d Cir. 1995)). And as this Court noted above, the Ninth Circuit recently held that a requestor *must* exhaust his administrative remedies under FOIA, including administrative appeal, so long as an agency properly responds before suit is filed—even if that response is after the 20 business days allotted by statute. *Aguirre*, 11 F.4th at 726. Here, the agency's August 3 letter does two things: makes a good faith effort to assist Plaintiff in satisfying the requirement of reasonable description, and provides Plaintiff with the information necessary to complete an administrative appeal. ECF No. 15-1 at 12 ("For example, in your letter, you did not specify the subject matter of your request; a time frame; an arrest date; or the type of records that would be responsive to your request. Provide a detailed description and date range of the request.")

The letter's attempt to clarify the request tips the scales in favor of Defendants. *Wright v. United States Dep't of Justice*, 379 F. Supp. 3d 1067, 1077 (S.D. Cal. 2019) (granting summary judgment on behalf of defendants because agency did not have an obligation to respond under FOIA where plaintiff failed to respond to request for clarification). Defendants have provided evidence that they responded prior to the initiation of Plaintiff's suit on August 30th, 2021. *Id.*; *see also* Hertel Decl. ¶ 12. And despite Plaintiff's assertion that "Defendants did not respond until they were sued," ECF No. 17 at 2, Plaintiff has not provided any evidence to support this claim or to rebut Defendant's showing. A stated assertion in opposition briefing alone is not evidence. Nor has Plaintiff provided any evidence that he filed an administrative appeal or otherwise administratively exhausted according to the procedure laid out by Defendants in the August 3 letter. Without such an appeal, Plaintiff's lawsuit is premature and summary judgment for Defendants is proper. *See In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (requiring requestors to "comply fully with agency procedures").

     Even assuming *arguendo* that Plaintiff had received Defendants' letter requesting clarification *after* the initiation of Plaintiff's suit, thus constructively satisfying administrative exhaustion, the question remains whether Plaintiff's FOIA request was too deficient to properly trigger the agency's duty to respond. *See Wright*, 379 F. Supp. 3d at 1076 ("An agency's obligations under FOIA to search for and release records are not triggered until it has received a proper FOIA request in compliance with the agency's published regulations.") (internal citations omitted). Upon review of Plaintiff's FOIA request, the Court concludes that it is indeed so vague that it does not "reasonably describe" the records being sought, therefore failing to meet the requirements of a proper FOIA request. Requests that are too broad, lack specificity, or require the agency to "engage in quite a bit of guesswork to execute" are not permissible and do not require an agency response. *Yagman v. Pompeo,* 868 F.3d 1075, 1081 (9th Cir. 2017). To begin, the

request does not actually include any entreating language: Plaintiff never actually asks for any kind of record. ECF No. 14 at 7. ("I have been informed that the following information is on file with your agency . . . it appears [from this information] that Mike Miller committed a felony in his report.") Instead, the FOIA request reads like an attempt to charge "Mike Miller" with a crime. The request does not include the date of the incident that the requested document describes, nor does it provide even an approximate timeframe, year, or location that would allow the agency to locate the record with a reasonable amount of effort. *Id*. The only identifier in the request is that it involves a "law enforcement officer" named "Mike Miller" in Colorado. *Id.* This lack of information forces Defendants to engage in "quite a bit of guesswork" in order to identify what records are sought. *See Yagman*, 868 F.3d at 1081 (finding that request, which lacked identification of specific documents and did not include times, dates, or locations, was too vague to compel defendants to disclose documents).

Therefore, even if the Court were to assume that Plaintiff had constructively exhausted his FOIA claim—a question the Court cannot answer because of a lack of evidence from Plaintiff—the FOIA request would still be fatally deficient in its vagueness and lack of specificity. Plaintiff has failed to show that there remains any genuine issue of material fact. Even taking all facts in the light most favorable to Plaintiff as the non-moving party, the Court finds summary judgment in favor of Defendants proper because Plaintiff failed to administratively exhaust his FOIA claim, and because the FOIA request is too deficient to trigger an agency's obligation to respond.

\ \ \

\ \ \

\ \ \

## III. CONCLUSION

The Defendants' Motion for Summary Judgment is **GRANTED**. ECF No. 15. The Clerk of Court shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated:  January 25, 2022

Hon. Gonzalo P. Curiel
United States District Judge